## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **QUINTON HANDSPIKE,** | : | **PRISONER HABEAS CORPUS** |
| **GDC ID # 932817,** | : | **28 U.S.C. § 2254** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DENNIS BROWN,** | : | **CIVIL ACTION FILE** |
| **Respondent.** | : | **NO. 1:13-CV-3701-WSD-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Petitioner, Quinton Handspike, confined in Hancock State Prison in Sparta, Georgia, challenges via 28 U.S.C. § 2254 his May 13, 2004, DeKalb County convictions for armed robbery. [Doc. 1 at 1.] The matter is before the Court on the § 2254 petition, [*id.*], Respondent's answer-response to the petition, [Doc. 8], and Respondent's motion to dismiss the petition as untimely, [Doc. 9]. Petitioner did not respond to the motion to dismiss.

I.   **Discussion**

A § 2254 petition is subject to the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of the dates on which (A) Petitioner's convictions became final; (B) a State impediment to filing Petitioner's federal habeas petition was removed; (C) a constitutional right on which Petitioner

AO 72A
(Rev.8/8
2)

relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (D) Petitioner, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). In this case, there is no claim that the circumstances set forth in subparagraphs (B) through (D) of that statute apply. Respondent focuses on subparagraph (A), arguing that Petitioner filed his § 2254 petition more than one year after his convictions became final.

The record shows that Petitioner was found guilty by a jury and received a sentence of life imprisonment. [Doc. 1 at 1.] Petitioner appealed, and the Georgia Court of Appeals affirmed his convictions on May 19, 2006. *See Handspike v. State*, 279 Ga. App. 496, 631 S.E.2d 730 (Ga. App. 2006). Petitioner did not file a petition for certiorari in the Georgia Supreme Court. [*Id.* at 2; Doc. 9-1 at 4.] On July 10, 2007, Petitioner filed a habeas corpus petition in the Superior Court of Macon County. [Doc. 10-1 at 1.] That petition was denied on May 10, 2011. [Doc. 10-4 at 1.] Petitioner then filed an application for a certificate of probable cause in the Georgia Supreme Court on June 3, 2011, but the application was denied on September 9, 2013. [Docs. 10-5, 10-6.] Petitioner executed his § 2254 petition on October 28, 2013. [Doc. 1 at 9.]

2

Respondent notes that Petitioner had ten days in which to seek certiorari in the Georgia Supreme Court after the Georgia Court of Appeals affirmed his convictions on May 19, 2006. *See* Ga. S. Ct. R. 38(1). Petitioner did not seek that review, and the ten-day period expired on May 30, 2006. *See* Ga. S. Ct. R. 11 (providing that "[w]hen an expiration date falls on . . . an official state or federal holiday, the time for filing is extended to the next business day"). Petitioner's convictions thus became final on May 30, 2006. *See Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006).

The one-year statute of limitations for a § 2254 petition expired on May 30, 2007.[1] Petitioner's state habeas petition, filed on July 10, 2007, has no effect on that outcome; "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (internal quotation marks omitted).[2] Petitioner executed his § 2254 petition more than six years late, on

---

[1]     The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[2]     If Petitioner had filed his state habeas petition less than one year after his convictions became final, that petition would have tolled the federal limitations period. *See* 28 U.S.C. § 2244(d)(2).

3

October 28, 2013.  Because Petitioner failed to respond to the motion to dismiss, he has foregone his opportunity to argue that he is entitled to equitable tolling[3] or that he is actually innocent.[4]  Respondent's motion to dismiss the § 2254 petition as untimely should be **GRANTED**.

## II.    <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

---

[3]    "Equitable tolling is appropriate when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[4]    "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a petitioner's] failure timely to file" a habeas petition.  *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.

4

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that Petitioner's § 2254 action is untimely.  If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

## III.   Conclusion

For the reasons stated above,

5

**IT IS RECOMMENDED** that: (1) Respondent's motion to dismiss the petition as untimely, [Doc. 9], be **GRANTED**; (2) the petition, [Doc. 1], be **DISMISSED** as untimely; and (3) a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this   25th   day of April, 2014.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

6