## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **QUINTON HANDSPIKE,**<br>**GDC UD # 932817**<br><br>      **Plaintiff,**<br><br>  **v.**<br><br>**DENNIS BROWN,**<br><br>      **Defendant.** | **1:13-cv-3701-WSD** |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation ("R&R") [11]. The R&R considers Petitioner Quinton Handspike's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") [1] and Respondent Dennis Brown's ("Respondent") Motion to Dismiss [9]. The Magistrate Judge recommended that Respondent's Motion to Dismiss be granted and the Petition be dismissed as untimely. The Magistrate Judge recommended that a Certificate of Appealability ("COA") not be issued.

## I.  BACKGROUND

In 2004, Petitioner was found guilty by a jury on two counts of armed robbery, and sentenced to life imprisonment. (Pet. at 1). On May 19, 2006, the Georgia Court of Appeals denied Petitioner's appeal and affirmed his conviction.

Handspike v. State, 279 Ga. App. 496, 631 S.E.2d 730, 731 (2006).  Petitioner did

not seek certiorari in the Georgia Supreme Court.  (Pet. at 2).

On July 10, 2007, Petitioner filed a habeas corpus petition in the Superior

Court, which was denied on May 10, 2011.  (Doc. 10-1 at 1; Doc 10-4 at 1).  On

June 3, 2011, Petitioner filed an application for a certificate of probable cause in

the Georgia Supreme Court, which was denied on September 9, 2013.  (Doc. 10-5;

10-6).

On October 28, 2013, Petitioner filed his Petition pursuant to 28 U.S.C.

§ 2254.[1]  On January 22, 2014, Respondent filed an Answer [8], asserting several

defenses, including that the Petition was untimely.  On the same day, Respondent

moved to dismiss [9] the Petition as untimely, arguing that it was not filed within

the one (1) year limitations period set forth in 28 U.S.C. § 2244(d).  Respondent

certified that both the Answer and the Motion to Dismiss were mailed to Petitioner.

On February 5, 2014, Respondent filed exhibits to his Motion to Dismiss, and

certified that the notice of filing of the exhibits was mailed to Petitioner.

Petitioner did not respond to the Motion to Dismiss.  On April 25, 2014, the

Magistrate Judge issued his R&R, recommending that the Petition be denied as

---

[1] The Petition, while docketed on November 7, 2013, is deemed filed on October
28, 2013, the date Petitioner provided his Petition to prison officials for mailing.
See Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014); see also
Houston v. Lack, 487 U.S. 266, 276 (1988).

untimely, because the one-year limitations period for Petitioner to file a § 2254 petition expired on May 30, 2007. (R&R at 3-4). Petitioner's time for filing did not toll because he did not seek state collateral review until July 10, 2007, after his one-year limitations period had expired. (R&R at 3). The Magistrate Judge also found that Petitioner's failure to respond to the Motion to Dismiss precluded him from arguing that he was entitled to equitable tolling. (R&R at 4). Having found that the untimeliness of the Petition was not debatable, the Magistrate Judge recommended that a COA not be issued. (R&R at 4-5).

On May 6, 2014, Petitioner objected [13] to the R&R, asserted that he did not receive Respondent's Answer or Motion to Dismiss, and requested an opportunity to assert that he is entitled to equitable tolling of the limitations period. (Obj. at 1-2).

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

>   B.    Analysis

>       1.    Untimeliness and Statutory Tolling

The Magistrate Judge, after a careful and thorough review of the record, recommended in his R&R that the Court grant Respondent's Motion to Dismiss, dismiss the Petition as untimely, and deny granting a COA.  Because Petitioner did not object to the Magistrate Judge's finding that the Petition was untimely and statutory tolling does not apply, the Court reviews these findings for plain error. See Slay, 714 F.2d at 1095.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations to filing a habeas corpus action attacking a state conviction.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

>   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).  The limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

The Magistrate Judge noted that Petitioner's conviction was affirmed by the Georgia Court of Appeals on May 19, 2006, and that Petitioner had until May 30, 2006, to seek certiorari in the Georgia Supreme Court.  See Ga. S. Ct. R. 11, 38(1). Petitioner did not file a petition for certiorari, and, as a result, Petitioner's conviction became final on May 30, 2006, and the one-year limitations period began to run on that date.  See Pugh v. Smith, 465 F.3d 1295, 1298-99 (11th Cir. 2006); 28 U.S.C. § 2244(d)(1)(A).  On May 30, 2007, the limitations period for Petitioner to seek federal habeas relief expired.  See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

Two months later, on July 10, 2007, Petitioner filed his state habeas corpus petition.  The Magistrate Judge found that, because the limitations period had already expired, Petitioner's state habeas petition did not affect the statutory tolling calculation.  See Webster v. Moore, 199 F.3d 1256, 1256 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). On October 28, 2013, over six (6) years after the limitations period had expired, Petitioner filed his Petition.

A review of the record clearly establishes that the Magistrate Judge correctly calculated the one-year limitations period and correctly determined that statutory tolling did not apply.  The Magistrate Judge also properly determined that the Petition was untimely.  The Court finds no plain error in these findings.  See Slay, 714 F.2d at 1095.

2.     Petitioner's Objection and Equitable Tolling

In addition to statutory tolling, the AEDPA's limitations period is subject to equitable tolling, an "extraordinary remedy" which requires a petitioner to demonstrate both "(1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable circumstances."  Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006), modified on other grounds, 459 F.3d 1310 (11th Cir.

6

2006).  See also Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Petitioner bears "the burden of establishing that equitable tolling [is] warranted."

See Pugh, 465 F.3d at 1300-01.

Petitioner, in his objection to the R&R, sought an opportunity to assert that

he was entitled to equitable tolling of the limitations period.  Petitioner previously

had this opportunity when he first filed his Petition.  (Pet. at 7-8).  The Petition

contains a section allowing the Petitioner the opportunity to explain why the

limitations period did not bar his Petition.  Petitioner failed then to assert that he

was entitled to equitable tolling.  Petitioner has also not provided any detail as to

why he did not receive a copy of the Answer, Motion to Dismiss, or the notice of

filing of the exhibits to the Motion to Dismiss, which Respondent certified were all

mailed to Petitioner.  Since filing his objection to the R&R over two months ago,

Petitioner also has failed to provide any support for his claim that he is entitled to

equitable tolling.  Petitioner's request for another opportunity to assert that he is

entitled to equitable tolling is denied, and Petitioner's objections are overruled.

### 3.    Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

When a district court has denied a habeas petition on procedural grounds without

reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Magistrate Judge concluded that the decisive procedural issue, untimeliness, was not debatable, and that no COA should be issued. The one-year limitations period expired prior to Petitioner's initiation of state habeas corpus proceedings, rendering statutory tolling inapplicable, and Petitioner has failed to provide any support for the contention that he is entitled to the extraordinary remedy of equitable tolling. The Court finds no plain error in the Magistrate Judge's determination that a COA should not be issued. See Slay, 714 F.2d at 1095.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's objections are overruled and

Magistrate Judge Alan J. Baverman's Final Report and Recommendation [11] is

**ADOPTED**.

**IT IS FURTHER ORDERED** that the Respondent's Motion to Dismiss the

Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is

**DENIED**.


**SO ORDERED** this 11th day of July, 2014.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE