**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

QUINTON HANDSPIKE,
GDC UD # 932817

                **Plaintiff,**

v.

DENNIS BROWN,

                **Defendant.**

1:13-cv-3701-WSD

## OPINION AND ORDER

This matter is before the Court on Petitioner Quinton Handspike's ("Petitioner") Motion to Set Aside Void Judgment Pursuant to Rule 60(b)(4) ("Motion") [16].

### I. BACKGROUND

In 2004, Petitioner was found guilty by a jury on two counts of armed robbery, and sentenced to life imprisonment. ([1] at 1). On May 19, 2006, the Georgia Court of Appeals denied Petitioner's appeal and affirmed his conviction. Handspike v. State, 279 Ga. App. 496, 631 S.E.2d 730, 731 (2006). Petitioner did not seek certiorari in the Georgia Supreme Court. ([1] at 2).

On July 10, 2007, Petitioner filed a habeas corpus petition in the Superior Court, which was denied on May 10, 2011. ([10.1] at 1; [10.4] at 1). On

June 3, 2011, Petitioner filed an application for a certificate of probable cause in the Georgia Supreme Court, which was denied on September 9, 2013. ([10.5]; [10.6]).

On October 28, 2013, Petitioner filed his Petition pursuant to 28 U.S.C. § 2254.[1] On January 22, 2014, Respondent filed an Answer [8], asserting several defenses, including that the Petition was untimely. On the same day, Respondent moved to dismiss [9] the Petition as untimely, arguing that it was not filed within the one (1) year limitations period set forth in 28 U.S.C. § 2244(d). Respondent certified that both the Answer and the Motion to Dismiss were mailed to Petitioner. On February 5, 2014, Respondent filed exhibits to his Motion to Dismiss, and certified that the notice of filing of the exhibits was mailed to Petitioner.

Petitioner did not respond to the Motion to Dismiss. On April 25, 2014, the Magistrate Judge issued his Final Report and Recommendation [11], recommending that the Petition be denied as untimely, because the one-year limitations period for Petitioner to file a § 2254 petition expired on May 30, 2007. ([11] at 3-4). Petitioner's time for filing did not toll because he did not seek state collateral review until July 10, 2007, after his one-year limitations period had

---

[1] The Petition, while docketed on November 7, 2013, is deemed filed on October 28, 2013, the date Petitioner provided his Petition to prison officials for mailing. See Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

expired. ([11] at 3). The Magistrate Judge also found that Petitioner's failure to respond to the Motion to Dismiss precluded him from arguing that he was entitled to equitable tolling. ([11] at 4). Having found that the untimeliness of the Petition was not debatable, the Magistrate Judge recommended that a COA not be issued. ([11] at 4-5).

On May 6, 2014, Petitioner objected [13] to the R&R, asserted that he did not receive Respondent's Answer or Motion to Dismiss, and requested an opportunity to assert that he is entitled to equitable tolling of the limitations period. ([13] at 1-2).

On July 11, 2014, the Court entered an order adopting the Final Report and Recommendation of the Magistrate Judge and granting Respondent's Motion to Dismiss. The Court held that the record clearly establishes that the Magistrate Judge correctly calculated the one-year limitations period, correctly determined that statutory tolling did not apply, and properly determined that the Petition was untimely. The Court also addressed Petitioner's request for equitable tolling, noting that equitable tolling is "an 'extraordinary remedy' which requires a petitioner to demonstrate both '(1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable circumstances.'" ([14] at 6, citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006), modified on other grounds,

3

459 F.3d 1310 (11th Cir. 2006)). The Court denied Petitioner's request for another opportunity to assert that he is entitled to equitable tolling explaining:

> Petitioner, in his objection to the R&R, sought an opportunity to assert that he was entitled to equitable tolling of the limitations period. Petitioner previously had this opportunity when he first filed his Petition. (Pet. at 7-8). The Petition contains a section allowing the Petitioner the opportunity to explain why the limitations period did not bar his Petition. Petitioner failed then to assert that he was entitled to equitable tolling. Petitioner has also not provided any detail as to why he did not receive a copy of the Answer, Motion to Dismiss, or the notice of filing of the exhibits to the Motion to Dismiss, which Respondent certified were all mailed to Petitioner. Since filing his objection to the R&R over two months ago, Petitioner also has failed to provide any support for his claim that he is entitled to equitable tolling.

([14] at 7).

More than three years later, on November 2, 2017, Petitioner filed the instant Motion to Set Aside Void Judgment Pursuant to Rule 60(b)(4) [16]. Petitioner asserts a single ground for the motion:

> At no time in any court state or federal has plaintiff ever been properly put on NOTICE of the one year Statute of limitation under 28 U.S.C. § 2244(d)(1). Unless and until proper NOTICE has been given, plaintiff cannot be bound by the Statute, the judgment order must be vacated and set aside, and the merits of the claims adjudicated.

([16] at 3, citing U.S. Const. amend. XIV).

## II. DISCUSSION

Rule 60(b)(4) provides that a district court may vacate a final judgment where "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Generally, a judgment is void under [Rule] 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Harris v. Corr. Corp. of Am., 332 F. App'x 593, 594 (11th Cir. 2009).

Petitioner asserts that the Court's order denying his Petition as time barred violates the Due Process Clause of the Fourteenth Amendment because he was never provided notice of the one-year statute of limitations of 28 U.S.C. § 2244(d)(1). In other words, Petitioner maintains that the Court' denial of equitable tolling of the statute of limitations violates due process in view of his procedural ignorance. But "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations." Moore v. Frazier, 605 F. App'x 863, 868 (11th Cir. 2015), quoting Outler v. United States, 485 F.3d 1273, 1282 n. 4 (11th Cir.2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255); see Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir.2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for

promptness" (quoting <u>Johnson v. United States</u>, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582, 161 L.Ed.2d 542 (2005))); <u>Hope v. Crews</u>, No. 13-61158-CIV, 2014 WL 1018003, at *3 (S.D. Fla. Mar. 17, 2014) (rejecting Petitioner's argument that he is entitled to equitable tolling because he was ignorant of the one-year statute of limitations imposed by the AEDPA). Petitioner has failed to demonstrate diligence in his efforts to timely file a habeas petition, or even the instant Motion, much less establish the existence of extraordinary and unavoidable circumstances necessary to excuse his failure to timely file his petition. <u>Arthur</u>, 452 F.3d at 1252. Petitioner's Motion is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Set Aside Void Judgment Pursuant to Rule 60(b)(4) [16] is **DENIED**.

**SO ORDERED** this 20th day of April, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE